UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

IN RE:

Jeffrey Thomas Owens a/k/a Jeff Owens

DEBTOR(S)

Address: 554 Stephen Dr.
            Hemingway, SC 29554

Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any):  9849

CASE NO:  21-02133-jw

CHAPTER: 12

NOTICE,MODIFIED CHAPTER 12 PLAN, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE

**I.       NOTICE TO CREDITORS AND PARTIES IN INTEREST:** The debtor[1] has filed a chapter 12 bankruptcy case and listed you as a creditor or interested party. The debtor has filed the following chapter 12 plan and motions which may affect your rights. **Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.**

**II.       MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditors named below.

**DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON MOTIONS:** Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201. Creditors and Parties in Interest will receive a separate notice setting a date and time for a pre-confirmation conference and a date and time for a hearing on confirmation of the Plan. Objections must be filed no later than the date and time set for the pre-confirmation conference. Timely objections will be heard at the confirmation hearing. Any amended plan resulting from the conference must be filed with the Court and served on the trustee and all creditors and equity security holders at least seven (7) days before the hearing on confirmation of the debtor's plan, in order to be considered at the confirmation hearing. Objections to the amended plan, if any, must be filed and served on the debtor, attorney for the debtor, and the trustee prior to the confirmation hearing to be considered at the confirmation hearing.

**a)       Lien avoidance.** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part III(b)(4) to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

1. <u>Nonpossessory, Nonpurchase-Money Lien</u>: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods:

| Name of Creditor and description of property securing lien | Value of debtor's interest in property | Total of all other liens | Exemption | Estimated security interest/debt | Security interest not avoided (see III(b)(2)(ii) below) | Security interest to be avoided (see III(4) below) |
|---|---|---|---|---|---|---|

---

1  When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

| _____ | $_____ | $_____ | $_____ | $_____ | $_____ | $_____ |
|---|---|---|---|---|---|---|

2. Judicial Lien: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:

| Name of Creditor and description of property securing lien | Estimated amount of lien | Total amount of all senior/unavoidable liens | Applicable exemption and Code section | Value of debtor's interest in property | Amount of lien not avoided | Amount of lien avoided |
|---|---|---|---|---|---|---|
| Crop Production Services, Inc | $388,234.32 | $0 | SC Code § 15-41-30(A)(1) | $121,600 | $324,984.32 | $63,250 |
| H&S Oil Co., Inc | $76,120.30 | $388,234.32 | SC Code § 15-41-30(A)(1) | $121,600 | $12,870.30 | $63,250 |

*Use this form for avoidance of liens on co-owned property only.*

| Name of the creditor and description of the property securing liens) the lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity mul-tiplied by debtor's pro-portional interest in property) | Applicable exemption and Code section | Non-exempt equity (debtor's equity less exemption) | Estimated judicial lien | Amount of lien not avoided | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| _____ _____ _____ | $_____ | $_____ | _____ _____ | $_____ | $_____ | $_____ | $_____ |

**b)**  **Request for valuation of security, payment of fully secured claims, and modification of unsecured claims.** The debtor request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 4 below. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 4 below.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien on the property interest of the debtor or the estate until the earlier of:

    (1) payment of the underlying debt determined under nonbankruptcy law, or

    (2) discharge of the underlying debt under 11 U.S.C. § 1228, at which time the lien will terminate and be released by the creditor.

| Name of creditor and description of property securing lien | Value of debtor's interest in property | Holder and amount of superior liens | Estimate of creditor's claim | Amount of secured claim | Unsecured claim after valuation |
|---|---|---|---|---|---|
| Crop Production Services, Inc- real estate- TMS 03-0412-074-01-01-0  and 03-0412-02-0   042-02-00 | $76,329 | N/A | $388,234.32 | $76,239 | $311,905.32 |
| H&S Oil Co., Inc- real estate- TMS 03-0412-074-01-03-0  and 03-0412-042-02-00 | $76,329 | Crop Production Services, Inc. – $388,234.32 | $76,120.30 | $0 | $76,120.30 |
| Crop Production Services, Inc- real estate- TMS 03-0412-042-00; 03-0412-072-00-00; 03-0412-073-00-00; 03-0412-076-01-00; 03-0412-070-01-00; 03-0412-074-00-00 | $377,163 | FSA - $25,340.29 ABB-$218,503.68 ABB-$292,853.04 | $388,234.32 | $0 | $311,905.32 |

| H&S Oil Co., Inc<br>real estate- TMS<br><br>03-0412-042-00;<br>03-0412-072-00-00;<br>03-0412-073-00-00;<br>03-0412-076-01-00;<br>03-0412-070-01-00;<br>03-0412-074-00-00 | $377,163 | FSA - $25,340.29<br>ABB-$218,503.68<br><br>ABB-$292,853.04<br>CPS-348,234.32 | $76,120.30 | $0 | $76,120.30 |

c)     **Assumption or Rejection of Executory Contract/Unexpired Lease:** The following leases or executory contracts will be treated as follows:

| Name of Creditor | Description of leased property or executory contract | Treatment | Current installment payments | Amount of arrearage to be paid | Treatment of arrearage (describe the method and time period of cure) | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | ☐ Assume<br><br>☐ Reject | $_____ | $_____ | _____<br>_____<br>_____ | $_____ |

## III. THE CHAPTER 12 PLAN

### a) FUNDING OF PLAN (INSTRUCTION: INCLUDE THE APPLICABLE FUNDING LANGUAGE)

The debtor certifies that all fees, charges and amounts required to be paid before confirmation pursuant to chapter 123 of Title 28 of the United States Code have been paid.

Debtor hereby submits future income in the amount of $25,650.92 on December 15, 2021.

Debtor hereby submits future income in the amount of $81,691.52 on January 31, 2022.

Debtor hereby submits future income in the amount of $107,322.44 per year for a period of four years. Annual payments are to begin on January31, 2023 and on January 31 each year for a period of four years.

### b) PLAN DISBURSEMENTS (INSTRUCTION: INCLUDE THE APPLICABLE DISBURSEMENT LANGUAGE)

After deduction of ten percent (10%) from the above amount, to be applied towards administrative expenses, the trustee shall make disbursements as follows:

1. Treatment of Attorney's Fees: To the attorney's fees of the debtor in an amount not to exceed $5,000, after approval by the Court, at the rate of $1,000 per year, until paid in full. Payments in this amount will commence January 31, 2023. This amount may be reduced or increased by the trustee as necessary. In addition, Debtor will pay $264.82 on December 15, 2021 and $735.18 on January 31, 2022.

2. Treatment of Secured Claims: [INSTRUCTION: THE APPLICABLE LANGUAGE SET FORTH BELOW IS TO BE REPEATED FOR EACH SECURED CREDITOR AND FOR EACH CLASS OF COLLATERAL HELD BY A SECURED CREDITOR.]

If relief from the automatic stay is ordered as to any item of collateral listed in Part III(b)(2), then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

(i) Maintenance of payments and cure of default. The debtor will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid by the debtor. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.

Name of Creditor: _____

Claim No:_____  Claim Amount: _____

Collateral: _____

Amount of Arrearage (if any): _____

Arrearage payments: This creditor is to be paid $_____ per _____ for a period of _____ which includes interest at _____% per annum.

(ii) Secured portion of claims altered by valuation and lien avoidance: (The remaining portion of the allowed claim will be treated as a general unsecured claim.)

Name of Creditor: Crop Production Services, Inc.

Collateral: real estate

This creditor is wholly secured in the amount of $76,329 as of the effective date of Confirmation.

The unsecured portion of this creditor's claim is $311,914.32.

This creditor is to be paid $17,752.09 per year for a period of four years which includes interest at 5.25% per annum. Annual payments will commence January 31, 2023.

Other provisions for this creditor: In addition to the above payments, this creditor will be paid $4,381.55 on December 15, 2021, and $13,370.54 on January 31, 2022.

Name of Creditor:  H&S Oil Co., Inc.

Collateral :real estate

This creditor is wholly secured in the amount of $0 as of the effective date of Confirmation.

The unsecured portion of this creditor's claim is $76,120.30.

This creditor is to be paid $N/A per _____ for a period of _____ which includes interest at _____% per annum.

Other provisions for this creditor: Claim will be treated and paid as an unsecured claim See part 4 below.

(iii)  Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien):

Name of Creditor: Farm Service Agency

Claim No: 4 Claim Amount: $25,340.29

Collateral: real estate- TMS   03-0412-042-00;  03-0412-072-00-00; 03-0412-073-00-00;
        03-0412-076-01-00;  03-0412-070-01-00; and   03-0412-074-00-00

This creditor is wholly secured in the amount of $25,340.29 as of the effective date of Confirmation.

This creditor is to be paid $1695.69 per year for a period of twenty-nine years which includes interest at 5.25% per annum. Annual payments will commence January 31, 2023.

Other provisions for this creditor: In addition to the above payments, this creditor will be paid $418.53 on December 15, 2021, and $1277.16 on January 31, 2022. Payments will be made through the trustee for the first five years and directly to the creditor thereafter.

Name of Creditor: Farm Service Agency

Claim No: 5 Claim Amount: $96,630.43

Collateral: farm machinery and equipment

This creditor is wholly secured in the amount of $96,630.43 as of the effective date of confirmation.

This creditor is to be paid $14,503.14 per year for a period of six years which includes interest at 1.25% per annum. Annual payments will commence January 31, 2023.

Other provisions for this creditor: In addition to the above payments, this creditor will be paid $3,579.65on December 15, 2021, and $10,923.49 on January 31, 2022. Payments will be made through the trustee for the first five years and directly to the creditor thereafter.

Name of Creditor: ArborOne, ACA

Claim No: 8 Claim Amount: $56,609.30

Collateral: irrigation system and farm machinery and equipment

This creditor is wholly secured in the amount of $56,609.30 as of the effective date of confirmation.

This creditor is to be paid $13,165.81per year for a period of four years which includes interest at 5.25% per annum. Annual payments will commence January 31, 2023.

Other provisions for this creditor: In addition to the above payments, this creditor will be paid $3,249.57 on December 15, 2021, and $9,916.24 on January 31, 2022. If the Debtor fails to pay his Trustee within 60 days of the due date, the Debtor consents to relief from the automatic stay as to this creditor.

(i)

Name of Creditor: Anderson Brothers Bank

Claim No: 9 Claim Amount: $235,034.74

Collateral: real estate- TMS   03-0412-042-00;  03-0412-072-00-00; 03-0412-073-00-00;
        03-0412-076-01-00;  03-0412-070-01-00; and    03-0412-074-00-00

This creditor is wholly secured in the amount of $235,034.74 as of the effective date of confirmation.

This creditor is to be paid $17,095.58 per year for a period of eight years which includes interest at 5.25% per annum. Annual payments will commence January 31, 2023. Entire debt will be due and payable in full on January 31, 2031.

Other provisions for this creditor: In addition to the above payments, this creditor will be paid $3881.92 on December 15, 2021, and $13,214.66 on January 31, 2022. Payments will be made through the trustee for the first five years and directly to the creditor thereafter.

Name of Creditor: Anderson Brothers Bank

Claim No: 10 Claim Amount: $310,701.95

Collateral: real estate- TMS   03-0412-042-00;  03-0412-072-00-00; 03-0412-073-00-00;
        03-0412-076-01-00;  03-0412-070-01-00; and    03-0412-074-00-00; blanket lien on personalty

This creditor is wholly secured in the amount of $310,701.95 as of the effective date of confirmation.

This creditor is to be paid $22,552.13 per year for a period of eight years which includes interest at 5.25% per annum. Annual payments will commence January 31, 2023. Entire debt will be due and payable in full on January 31, 2031.

Other provisions for this creditor: In addition to the above payments, this creditor will be paid $5131.67 on December 15, 2021, and $17,420.46 on January 31, 2022. Payments will be made through the trustee for the first five years and directly to the creditor thereafter.

(i) Surrender of collateral. The collateral held by each creditor listed below is hereby surrendered. No payment will be made to this creditor. The debtor requests that upon confirmation of this plan the stay under 11

U.S.C. § 362(a) be terminated as to the collateral only and the stay under § 1201 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in section 4 below.

Name of Creditor Collateral

N/A the plan does not provide for the surrender of collateral.

3. <u>Treatment of Priority Claims</u>.

    (i) <u>Domestic Support Claims</u>. 11 U.S.C. § 507(a)(1):

    a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO creditor), at the rate of $ or more per until the balance, without interest, is paid in full.

    b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1222(a)(2).)

    (ii) <u>Other Priority debt</u>.

Subsequent to the above, payments to priority creditors, including tax claims, will be paid on a pro-rata basis until paid in full. These are as follows: [INSTRUCTION: THE FOLLOWING SHOULD BE COMPLETED FOR EACH PRIORITY CREDITOR.]

    Name of Creditor: Internal Revenue Service

    Claim No: 1   Claim Amount: $17,473.79

    This creditor is to be paid $3,494.76 per year for a period of four years which includes interest at 0% per annum. Annual payments will commence January 31, 2023.

    Other provisions for this creditor: In addition to the above payments, this creditor will be paid $862.57 on December 15, 2021, and $2632.19 on January 31, 2022
    This creditor shall be paid no interest on its claim.

4. <u>Treatment of Unsecured Claims</u>.

Subsequent to the above, unsecured creditors will be paid on a pro rata basis. Unsecured creditors will be paid not less than 5% of the total allowed unsecured, non-priority claim. Debtor will pay $1,315.55 on December 15, 2021 and $4,014.45 on January 31, 2022. Commencing January 31, 2023, and continuing for a period of four years, Debtor will pay four annual payments in the amount of $5,330. Interest will not be paid on this claim.

**IV. ADDITIONAL PLAN PROVISIONS**

Upon confirmation of the plan, the debtor shall tender to the Chapter 12 Trustee, at the time the debtor's first payment under the Plan is due, $200.00 to pay the bank fees associated with the bank account to be opened by the trustee for the debtor's plan payments. On the 12th month thereafter, the debtor shall pay to the trustee $200.00 to pay the bank fees, or an amount agreed to by the debtor and the trustee. Should the bank fees exceed the annual $200.00 payment, the trustee reserves the right to apply for reimbursement for the excess as an administrative expense. Upon completion of the Plan, or dismissal of the debtor's bankruptcy case, the trustee shall return to the debtor any funds not needed to pay the bank fees.

Upon confirmation of the plan, property of the estate will remain property of the estate, but title to the property shall revest in the debtor. Unless the plan otherwise provides, secured creditors shall retain their liens upon their

collateral until the allowed amounts of their claims are paid in full.

Except as provided herein, the automatic stay provisions of 11 U.S.C. § 362(a) shall remain in effect until the case is closed, but may be modified pursuant 11 U.S.C. § 362(d) on motion of a party in interest.

The effective date of confirmation is the date upon which the order of confirmation becomes final.

November 10, 2021

/s/Reid B. Smith
Reid B. Smith, attorney for Debtor
1712 St. Julian Place, Suite 102
Columbia, SC 29204
(803) 779-2255
(803) 799-3131 (fax)
rsmith@birdsmithlaw.com
District Court ID 4200

FEASIBILITY ANALYSIS

JT OWENS CONSTRUCTION Inc

|  | 2017 | 2018 | 2019 | 2020 | average |
|---|---|---|---|---|---|
| gross | 187614 | 146412 | 166353 | 273982 | 193590.25 |
| expenses | 83555 | 106420 | 71270 | 197869 | 114778.5 |
| net | 104059 | 39992 | 95083 | 76113 | 78811.75 |
| monthly average |  |  |  |  | 6567.65 |

| monthly living expenses see attached schedule J |  | 7146.5 |
|---|---|---|

| net |  | -578.85 |
|---|---|---|

Projected Net Farm Income - see attached

| corn | $21,165 |
|---|---|
| soybeans | $70,840 |
| wheat | 29,875 |
| total | $121,880 |

farm program payments

|  | 2017 | 2018 | 2019 | 2020 | average |
|---|---|---|---|---|---|
|  | 39244 | 7882 | 22582 | 35244 | 26238 |

| total projected farm income |  | $148,118 |
|---|---|---|

| Plan payments |  | 107,322.44 |
|---|---|---|

| living expenses to be paid with farm income |  | -6946.25 |
|---|---|---|

| available cash for next farm year expenses |  | 33,849.31 |
|---|---|---|

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Jeffrey Thomas Owens** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | DISTRICT OF SOUTH CAROLINA |
| Case number (If known) | **21-02133** |

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses                                    12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1:  Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**   ■ No
   Do not list Debtor 1 and Debtor 2.   ☐ Yes. Fill out this information for each dependent..............

   Do not state the dependents names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**   ■ No   ☐ Yes

### Part 2:  Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | **Your expenses** |
|---|---|---|

| | | |
|---|---|---|
| 4. | **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. $ _____ 0.00 |
| | **If not included in line 4:** | |
| 4a. | Real estate taxes | 4a. $ _____ 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ _____ 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ _____ 0.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ _____ 0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ _____ 0.00 |

Debtor 1    **Jeffrey Thomas Owens**                     Case number (if known)    **21-02133**

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | 459.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ | 20.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 380.00 |
| | 6d. | Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. $ | 650.00 |
| 8. | **Childcare and children's education costs** | | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | 208.00 |
| 10. | **Personal care products and services** | | 10. $ | 67.50 |
| 11. | **Medical and dental expenses** | | 11. $ | 564.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. | | | |
| | Do not include car payments. | | 12. $ | 511.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 40.00 |
| 14. | **Charitable contributions and religious donations** | | 14. $ | 30.00 |
| 15. | **Insurance.** | | | |
| | Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | 0.00 |
| | 15b. | Health insurance | 15b. $ | 1,967.00 |
| | 15c. | Vehicle insurance | 15c. $ | 0.00 |
| | 15d. | Other insurance. Specify: **Agribusiness, home & auto  insurance policy** | 15d. $ | 2,250.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. | | | |
| | Specify: | | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | 0.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. | Other. Specify: | 17c. $ | 0.00 |
| | 17d. | Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** | | $ | 0.00 |
| | Specify: | | 19. | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | | |
| | 20a. | Mortgages on other property | 20a. $ | 0.00 |
| | 20b. | Real estate taxes | 20b. $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: | | 21. +$ | 0.00 |

| | | | |
|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | 7,146.50 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b.  The result is your monthly expenses. | $ | 7,146.50 |
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 7,923.58 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 7,146.50 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | 777.08 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.    Explain here:

| Beans | | | | | | |
|---|---|---|---|---|---|---|
| | | | total | | | |
| | acres | yield | bushels | price | revenue | |
| | 290 | 40 | 11600 | total crop | | |
| | | | 2000 | 13.1 | 26200 | (booked) |
| | | | 9600 | 12.4 | 119040 | |
| | | | | | 145240 | |
| | | | | | | |
| expenses | | | | | | |
| | seed | 55 | | | 15950 | |
| | chemicals | 75 | | | 21750 | |
| | fertilizer | 50 | | | 14500 | |
| | fuel | 5 | | | 1450 | |
| | labor | 5 | | | 1450 | |
| | repairs | 10 | | | 2900 | |
| | crop ins | 20 | | | 5800 | |
| | combine/hauling | 55 | | | 2200 | |
| | land rent | 35 | (240 acres) | | 8400 | |
| | | | | | | |
| | total | | | | 74400 | |
| | | | | | | |
| net | | | | | 70840 | |

| CORN | | | | | |
|------|------|------|------|------|------|
| | | | | | |
| | | ACRES | BU/ACRE | PRICE BU | REVENUE |
| | | 83 | 120 | 5.3 | 52788 |
| | EXPENSES | | | | |
| | | seed | 70 | | 5810 |
| | | fertilizer | 125 | | 10375 |
| | | chemicals | 50 | | 4150 |
| | | combine/hauling | 55 | | 4565 |
| | | crop ins | 18 | | 1494 |
| | | fuel | 13 | | 1079 |
| | | labor | 5 | | 415 |
| | | repairs | 10 | | 830 |
| | | land rent | 35 | | 2905 |
| | | | | | |
| | | TOTAL | | | 31623 |
| | | | | | |
| | NET | | | | 21165 |

| | | | | |
|---|---|---|---|---|
| WHEAT | | | | |
| | ACRES | | BU/ACRI PRICE BU | REVENUE |
| | 150 | 75 | 6.5 | 73125 |
| | | | | |
| EXPENSES | | COST PER ACRE | | |
| | seed | 45 | | 6750 |
| | fertilizer | 100 | | 15000 |
| | chemicals | 15 | | 2250 |
| | fuel | 10 | | 1500 |
| | labor | 10 | | 1500 |
| | repairs | 10 | | 1500 |
| | crop ins | 20 | | 3000 |
| | combine/hauling | 55 | | 8250 |
| | land rent | 35 | (100 acres) | 3500 |
| | | | | |
| | TOTAL | | | 43250 |
| | | | | |
| NET | | | | 29875 |

| property | liens | tax value | | equity after Sr lien | secured | Equity | |
|---|---|---|---|---|---|---|---|
| Oct 12, 2021 LIQUIDATION ANALYSIS | | | | | | | |
| | | | | | | | |
| I. REAL ESTATE | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| residence 03-0412-074-01-00 | | 121,600 | | | | 0 | |
| | exemption | | 63250 | | | | |
| | equity | | 58350 | | | | |
| | CPS | | 388234.32 | 0 | 58350 | | |
| | H & S | | 76120.3 | | 0 | | |
| | | | | | | | |
| 10.24 acres 03-0412-042-02-00 | | 17979 | | | | | |
| | CPS | | 388234.32 | 0 | 17979 | 0 | |
| | H & S | | 76120.3 | | 0 | | |
| | | | | | | | |
| total secured | cps | | | | 76329 | | |
| | H & S | | | | 0 | | |
| | | | | | | | |
| 50% with brother: | | | | | | | |
| 29.34 acres 03-0412-042-00 | | 35945 | | | | 0 | |
| 37.5 acres 03-0412-072-00-00 | | 80537 | | | | 0 | |
| 36.7 acres 03-0412-073-00-00 | | 48084 | | | | 0 | |
| 10.22acres 03-04122-076-01-00 | | 30660 | | | | 0 | |
| 15.1 acres  03-0412-070-01-00 | | 42954 | | | | 0 | |
| 33.62 acres  03-0412-074-00-00 | | 41301 | | | | 0 | |
| 79.5 acres | | 97682 | | | | 0 | |
| total | | 377163 | | | | 0 | |
| | | | | | | | |
| liens | FSA | 25340.29 | | 351822.71 | 25340.29 | | |
| | ABB | 218503.68 | | 133319.03 | 218503.68 | | |
| | ABB | 292853.04 | | -159534 | 133319.03 | | |
| | CPS | 388234.32 | | | 0 | | |
| | H & S | 76120.3 | | | 0 | | |
| | | | | | | | |

| asset | lienholder | value | debt | equity after Sr lien | | equity | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| **II. FARM MACHINERY & EQUIPMENT** | | | | | | | | |
| | | | | | | | | |
| 3 center pivots & pump | ArborOne | 45,000 | 56609.3 | | | 0 | | |
| | | | | | | | | |
| see attached list | FSA | 114,250 | 96,630.43 | 17,619.57 | | 0 | | |
| | ArborOne | | 56609.3 | | | | | |
| | | | | | | | | |
| **III. CROPS** | | | | | | | | |
| 83 acres corn (estimated value) | Anderson Bros Bank | 52788 | 2992853 | | | 0 | | |
| 290 acres soybeans (estimated value) | Anderson Bros Bank | 145240 | | | | 0 | | |
| | | | | | exemption | | | |
| | | | | | | | | |
| **IV. VEHICLES** | | | | | | | | |
| 2012 Ford F150 | n/a | 3500 | | | | 3500 | | |
| 1998 Ford F150 | n/a | 2500 | | | | 2500 | | |
| 2005 Ford F150 | n/a | 3,000 | | | | 3000 | | |
| Ford Expedition | n/a | 18000 | | | 6325 | 11675 | | |
| 2010 Ford F150 | n/a | 8500 | | | | 8500 | | |
| | | | | | | | | |
| **V. OTHER PERSONAL PROPERTY** | | | | | | | | |
| | | | | | | | | |
| furnishings and HHG's | | 6265 | | | 6265 | 0 | wildcard - $1,215 | |
| firearms | | 5600 | | | 2200 | 3400 | | |
| bank accounts & cash | | 22,196 | | | 5110 | 17,086 | wildcard-$5,110 | |
| | | | | | | | | |
| 100% s/h JT Owens Const. Inc. | Anderson Bros Bank | 160,600 | 61,574.86 | 99,025 | | | | |
| | FSA | | 96630.43 | | | 2,395 | | |
| **TOTAL NON-EXEMPT EQUITY** | | | | | | 52055.64 | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| COSTS OF LIQUIDATION | | | | | | | |
| 10% auctioneer (vehicles | 3550 | | | | | | |
| ch 7 trustee - (62963.19) | 6648.16 | | | | | | |
| TOTAL | 10198.16 | | | | | | |
| | | | | | | | |
| attorney fees (estimated) | 7500 | | | | | | |
| | | | | | | | |
| available for unsecured claims | 34357.48 | | | | | | |
| | | | | | | | |
| less priority debt | 17473.79 | | | | | | |
| | | | | | | | |
| available for general unsecured claims | 16883.69 | | | | | | |
| | | | | | | | |
| | | | | | | | |
| Unsecured claims: | | | | | | | |
| Deficiency claims | | | | | | | |
| Crop Production Services | 311,914.32 | | | | | | |
| H & S Oil | 76,120.30 | | | | | | |
| TOTAL | 388,034.62 | | | | | | |
| | | | | | | | |
| unsecured claims | | | | | | | |
| Toyota | 8000 | | | | | | |
| IRS | 6058.33 | | | | | | |
| Anderson Bros Bank | 61,574.86 | | | | | | |
| Anderson Bros Bank | 1,517.65 | | | | | | |
| Carolina Eastern | 30,000.00 | | | | | | |
| Farm Plan | 30,000.00 | | | | | | |
| Finanacial Data System (Coastal Eye Gr.) | 54.00 | | | | | | |
| Finanacial Data System (PD Pathology) | 45.00 | | | | | | |
| Merchants AD | 1,629.80 | | | | | | |
| Nichols Farm Supply | 6,098.25 | | | | | | |
| TOTAL | 144977.89 | | | | | | |
| | | | | | | | |
| total unsecured claims | 533,012.51 | | | | | | |
| % available | 0.031675973 | | | | | | |

Debtor 1    **Jeffrey Thomas Owens**                                                  Case number *(if known)*    **21-02133**

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46.  Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☐ No. Go to Part 7.

■ Yes.  Go to line 47.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**47.  Farm animals**
*Examples:* Livestock, poultry, farm-raised fish

■ No
☐ Yes................

**48.  Crops—either growing or harvested**
☐ No
■ Yes. Give specific information.....

| | |
|---|---|
| approx. 289 acres soybeans | **Unknown** |
| approx 83 acres corn | **Unknown** |

**49.  Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**
☐ No
■ Yes................

| | |
|---|---|
| Westfield grain auger 8 in X 60 ft 1994 75382 | **$900.00** |
| Westfield grain auger 8 in X 60 ft 2003 | **$1,200.00** |
| Grain Drill<br>JD 450 | **$3,500.00** |
| Grain Bin<br>6000 Bushel<br>New | **$600.00** |
| Grain Bin<br>6000 Bushel<br>Old | **$600.00** |
| Grain Bin<br>3200 bushel | **$300.00** |
| Toyota Forklift<br>with bale clamps<br>4-7339-TPT | **$8,000.00** |

Debtor 1    **Jeffrey Thomas Owens**                                    Case number *(if known)*    **21-02133**

| | |
|---|---|
| **JD 7320 Tractor 2003**<br>**RW7320R001941** | $38,000.00 |
| **60KW Generator PTO** | $2,500.00 |
| **JD Tractor 5425 with loader** | $28,000.00 |
| **International truck**<br>**4300** | $10,000.00 |
| **Mule** | $2,500.00 |
| **Honda 4 wheel** | $1,200.00 |
| **John Deere HX1400 Cutter 14 feet** | $1,800.00 |
| ▆▆▆▆▆▆▆▆▆ | ▆▆▆▆ |
| **Irrigation pump electric** | $1,800.00 |
| **grain auger** | $800.00 |
| **Ford 3930 1991** | $5,000.00 |
| **Truck trailer yellow 1974** | $1,500.00 |
| **Holland tobacco  Setter 4 row with Fert Hopper (junk)** | Unknown |
| **Hollan tobacco Setter 4 row with Fert Hopper (junk)** | Unknown |
| **2 Large water tanks** | $200.00 |
| **Rino Ditch Cutter 11347** | $1,200.00 |
| **Spreader** | $300.00 |
| **JD disk** | $1,500.00 |
| **6000 gal nitrogen tank** | $800.00 |
| **10' drag harrow** | $250.00 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| In re: | ) | **Bankruptcy No.: 21-02133-jw** |
| | ) | |
| **Jeffrey Thomas Owens** | ) | |
| | ) | **Chapter 12** |
| | ) | |
| Debtor. | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| | ) | |

     I, Reid B. Smith do hereby certify that I have on November 10, 2021, served in the above referenced matter, a modified Chapter 12 Plan, a liquidation analysis, and a feasibility analysis by way of the United States Postal Service, proper postage affixed thereto, on those parties identified in the attached Matrix.


                    /s/ Reid B. Smith
                    Reid B. Smith
                    Bird & Smith, PA

Label Matrix for local noticing
0420-2
Case 21-02133-jw
District of South Carolina
Charleston
Wed Nov 10 09:31:13 EST 2021

Crop Production Services, Inc.
Crop Production Services, Inc
C/O Markham Law Firm, LLC
PO Box 20074
Charleston, SC 29413-0074

H&S Oil Co.
Attn. Bill Hemingway
PO Box 187
Andrews, SC 29510-0187

█████████████████████
█████████████████████
██████████████████

Anderson Brothers Bank
102 N. Main Street
Mullins, SC 29574-2728

(p)ANDERSON BROTHERS BANK
ATTN BRITTANY SHELLEY
P O BOX 310
MULLINS SC 29574-0310

ArborOne, ACA
800 Woody Jones Blvd
Florence SC 29501-7419

CNH INDUSTRIAL CAPITAL AMERICA LLC
PO BOX 71264, PHILADELPHIA, PA 19176

CNHcapital
Attn:Bankruptcy
Po Box 292
Racine WI 53401-0292

Carolina Eastern
206 Railroad Avenue
Pamplico SC 29583

Crop Production Services
c/oJames C. Williams
Post Office Drawer 1960
Smithfield NC 27577-1960

Farm Plan
PO Box 4450
Carol Stream IL 60197-4450

Farm Service Agency
1837 N. Fraser Street
Georgetown SC 29440-7758

Farm Service Agency
1927 Thurmond Mall
Columbia SC 29201-2387

Financial Data Systems
Attn: Managing Officer/Agent
1638 Military Cutoff Rd
Wilmington NC 28403-5751

Financial Data Systems
Po Box 688
Wrightsville Beach NC 28480-0688

(p)FORD MOTOR CREDIT COMPANY
P O BOX 62180
COLORADO SPRINGS CO 80962-2180

H & S Oil Co.
308 Martin Luther King Dr
Andrews SC 29510-2752

████████████████
███████████
██████████████

Hal M. Strange
PO Drawer 1410
Georgetown SC 29442-1410

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

John Deere Financial
6400 NW 86th Dt
Johnston IA 50131

(p)MERCHANTS ADJUSTMENT SERVICE   INC
ATTN ATTN SHERI
PO BOX 7511
MOBILE AL 36670-0511

Nichols Farm Supply, Inc.
P.O. BOX 70
102 E. Nichols Street
Nichols SC 29581-0070

(p)SOUTH CAROLINA DEPARTMENT OF REVENUE
OFFICE OF THE GENERAL COUNSEL - BANKRUPTCY SECTION
300A OUTLET POINTE BLVD
COLUMBIA SC 29210-5666

Sean Markham
PO Box 20074
Charleston SC 29413-0074

Suzanne G. Griggs, Esq
PO Drawer 2426
Columbia SC 29202-2426

Toyota Motor Credit Corp.
PO Box 3457
Torrance CA 90510-3457

J. Kershaw Spong
Robinson Gray Stepp & Laffitte, LLC
PO Box 11449
Columbia, SC 29211-1449

Jeffrey Thomas Owens
554 Stephen Dr
Hemingway, SC 29554-3681

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly St.
Suite 953
Columbia, SC 29201-2448
via cm/ecf

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Anderson Brothers Bank
PO Box 400
Hemingway SC 29554

(d)Anderson Brothers Bank
PO Box 659
Johnsonville SC 29555

Ford Motor Credit
National Bankruptcy Service Center
Po Box 62180
Colorado Springs CO 80962

Internal Revenue Service
Centralized Insolvency Operations
PO Box 21126
Philadelphia PA 19114-0326

(d)Internal Revenue Service
Insolvency Group 4
1835 Assembly St.
MDP39
Columbia SC 29201

Merchants Ad
56 N Florida St
Mobile AL 36607

SC Department of Revenue & Taxation
PO Box 12265
Columbia SC 29211-9979

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Anderson Brothers Bank

(u)ArborOne, ACA

End of Label Matrix
Mailable recipients    31
Bypassed recipients     2
Total                  33